SAN JUAN TRADING CO., INC., Petitioner, v. INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; RAFAEL DE J. CORDERO, MANAGER OF THE STATE INSURANCE FUND, Insurer.

No. 259. Argued February 1, 1943.—Decided March 15, 1943.

*Víctor J. Vidal González* for petitioner. *M. Rodríguez Ramos, Acting Attorney General, G. Benítez Gautier, Deputy Attorney General,* and *G. Atiles Moréu, Angel de Jesús Matos,* and *Joaquín Correa Suárez, Legal Advisers of the State Insurance Fund,* for the Manager.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The appellant corporation is dedicated principally to the business of selling at wholesale lumber and construction materials in the city of San Juan, employing more than four workmen, whom it has had insured with the State Insurance Fund from the year 1935–36 until the present.

On November 1, 1941, the Fund's pay roll inspector audited the salaries and wages of the workmen employed by appellant during the year of July 1, 1940 to June 30, 1941, and on the basis of his report, the Manager of the State Fund proceeded to liquidate appellant's policy for the year 1940–41 and to make the preliminary assessment for the year 1941–42, as follows:

"A            FINAL LIQUIDATION
                Year 1940–41

| Code: | Group: | Business: | Pay roll: | Rate: | Premium: |
|---|---|---|---|---|---|
| 7219 | 320 | Truckmen | $4,220.96 | $15.50 | $654.25 |

"B            PRELIMINARY ASSESSMENT
                1941–42

| Code: | Group: | Estimated Pay roll: | Basic: | Premium: |
|---|---|---|---|---|
| 7219 | 320 | $4,220.96 | $15.00 | $633.14 |

The above items constitute 50 per cent of the payments made by appellant on account of freight charges to the owners of independent trucks which were used by appellant to deliver to its customers the lumber and materials purchased at its establishment. The owners of those trucks did not have their drivers and laborers insured with the State Insurance.

Appellant objected to the classification of the two items under Code No. 7219 corresponding to "Truckmen—Trans-

portation Company," and asked that the policy be adjusted. The manager refused the adjustment, and threatened appellant with classifying it as an uninsured employer if it did not pay in accordance with Code No. 7219. Appellant paid under protest and filed a petition before the Industrial Commission, praying for the adjustment of the classification made by the manager.

On July 31, 1942, the commission issued an order sustaining the decision of the manager; and on August 10 of the same year, appellant filed a motion for reconsideration. The commission issued an order summoning the parties for a rehearing before the full commission. On October 30, 1942, the commission denied the petition for reconsideration and affirmed its previous order. In support of the petition for review filed by it, appellant alleges that the Industrial commission erred in holding that, according to the second paragraph of subdivision (c), paragraph 8 of Rule V of the "Rules of the State Insurance Fund," the items in controversy should be classified under Code No. 7219 (Truckman-Transportation Company) instead of under Code No. 8232, corresponding to the business of Lumber Yards; in holding that classification No. 8232 does not include the chauffeurs and helpers who are employed in the business of Lumber Yards, insured under said code; and in not deciding the case in accordance with the opinion delivered by the "National Council on Compensation Insurance."

█ The rule which we are asked to interpret reads as follows:

"(e) *Chauffeurs and their helpers* are defined as those employees whose principal duties are performed upon or in connection with motor vehicles in either capacity, and shall also include incidental garage employees or employees using bicycles in the service of the employer.

"If motor vehicles, including chauffeurs and helpers, are employed under contract and if the owner of such motor vehicles has not insured his compensation obligation and furnished evidence of

such insurance, the actual pay roll of the chauffeurs and helpers shall be included in the pay roll of the insured employer at the proper rate for the operation in which they are engaged. If such pay roll cannot be obtained, one-half ($\frac{1}{2}$) of the total amount paid for the hire of such motor vehicles under contract shall be considered as the pay roll of the chauffeurs and helpers.''

In the Manual of Classifications of Trades and Industries, approved by the Manager of the State Insurance Fund, the classifications and code in controversy in the case at bar are described as follows:

''*Classification.*                                                        *Code*
    *Lumber Yards*—(No second-hand materials) including administrator or manager, drivers and helpers_____ 8232
    *Lumber Mills*—Planing and Moulding. Lumber yards and building materials should be separately classified. Drivers, chauffeurs and helpers in Codes 8232 and 8231_ 2731
    *Transportation*—Excluding express. Including drivers, chauffeurs and helpers, stablemen, garagemen, repairmen, etc.
    All employers engaged in hauling under contract, whether for one or more individuals or concerns, shall under no circumstances, be classified and rated except in accordance with this classification_____ 7219

According to the Table of Basic Rates for Insurance (year 1941–1942), the insurance rate corresponding to each one of three codes, for each $100 pay roll, is as follows:

Code 8232: $5.25; Code 2731: $5.00; Code 2719; $15.00. The principal bases of the order under review are:

(*a*) That the transportation in the case at bar was performed by independent contractors engaged in the transportation business in motor vehicles owned or under the control of said contractors;

(*b*) That the pay roll of the chauffeur and helper should be included in the pay roll of the insured employer *at the proper rate for the operations in which they are engaged;* and that those operations shall not be other than those of transportation; and

560

(*c*) That classification 8232 (lumber yards, including manager, drivers and helpers) does not include chauffeurs and helpers.

We are of the opinion that the Industrial Commission erred in applying to the facts of this case Code 7219 and in holding that appellant is obliged to pay the rate of $15.00 for each $100 pay roll.

It is true that Code 8232, corresponding to Lumber Yards, does not specifically include chauffeurs and helpers, and that it only includes the administrator or manager and drivers and helpers. But it is equally true that Code 2731, corresponding to "Lumber Mills, Planing and Moulding," is applicable to all the employees of the mill, with the exception of "drivers, chauffeurs and helpers," who should be classified under Codes 8232 and 8231. Since the chauffeurs and helpers regularly employed by a Lumber Mill perform work similar to that of chauffeurs and helpers of a Lumber Yard, we find no reason whatsoever which we could consider just and logical for holding that the former should be classified under Code 8232 ($5.25 for each $100 pay roll) and the latter under Code 7219 ($15 for each $100 pay roll). It seems just to hold and we thus do hold that both should be classified under Code 8232.

The pay rolls to which the manager applied Code 7219 (Transportation) constitute 50 per cent of the sums paid by appellant to owners of trucks used by it in the ordinary course of its business, for delivering to its customers the lumber and materials purchased at its yard. If this same delivery work had been performed by appellant in its own trucks, driven by chauffeurs and helpers regularly employed by it, the applicable insurance rate would have been that of Code 8232 or $5.25 for each $100 pay roll. We find no justification whatsoever for holding that when that same work of delivering materials without any additional risk whatsoever is performed by chauffeurs and helpers of an inde-

pendent uninsured employer, Code 7219, which fixes the rate of $15 for each $100 pay roll, should be applied. The risk for the State Fund being the same in either case, the insurance rate should also be the same.

According to the Classifications Manual, Code 7219 is applicable to "all employers engaged in hauling under contract, whether for one or more individuals or concerns." Appellant herein is not engaged in hauling under contract. Its business consists of the sale of lumber and construction materials, and as an incident to that business it hired trucks owned by another person.

We are not in agreement with the interpretation which the Industrial Commission has given to the second paragraph of subdivision (e) of paragraph 8 of Rule V of the State Fund Rules, *supra.*

From the record before us it appears that while the motion for reconsideration filed by appellant was still pending, the Chief of the Liquidation Bureau consulted the National Council on Compensation Insurance, and stated the matter in controversy in the following terms:

"The case is one of an employer engaged in "Lumber Yard," no second hand materials, that besides their own trucks, hire, for part of their delivery, other trucks.

"  *          *          *          *          *          *          *

"The Inspector who audited the pay roll of the employer in this case, took the pay roll at base of 50% for the total amount paid by them to the owners of the hired trucks, but he is in doubt as whether such total should be included under Code 7219, TRUCKMEN, or under Code 8232, LUMBER YARD.

"Your interpretation as the Rules of the Manual and preferably clause "c" of the Standard & Exception as to Chauffeurs & Helpers, where the pay roll of these vehicles should be classified?"

The answer of the National Council on Compensation Insurance, in its pertinent part, states:

"In situations of this character, it is our practice where the subcontractor's pay roll is not available, to consider one half of the total

562

amount paid for the hire of trucks as the pay roll of the drivers, chauffeurs or their helpers. Furthermore, and in the case you have illustrated, we would determine our premium on the basis of Code 8232 rather than Code 7219 inasmuch as the principal employer is not insuring the sub-contractor's obligation under the Compensation Act but only his own obligation, which is to the employees of the sub-contractor. ... The relationship between the sub-contractor's employees and the principal employer is a direct one, and, as such, the insured sub-contractor's employees are considered for purpose of workmen's compensation insurance classification in the same manner as direct employees of the principal employer. It is for this reason that the principal employer's classification governs rather than the classification which would normally apply to the sub-contractor if he had obtained a policy of his own.''

''This means, therefore, that on contract haulers who are uninsured, the chauffeurs and helpers operating the trucks must be brought within the coverage of the lumber dealer's policy (in your particular case) on the same basis as if such chauffeurs and helpers were direct employees of the lumber dealer rather than the employees of the contract hauler. Inasmuch as classification 8232 ''Lumber Yards'' includes drivers, chauffeurs and their helpers, it is necessary to classify the included chauffeurs and their helpers employed by the contract hauler but covered by the lumber yard policy under 8232 and not under 7219 which would be the case if the contract hauler were insuring his own employees.

''This is the ruling that the National Council issues on cases of this kind and as indicated above, this ruling is predicated upon the standard statutory endorsement affixed to all policies within a particular state.''

The rule applied to cases such as the case at bar by the National Council on Compensation Insurance is based on convincing reasons and we see no reason whatsoever why in this jurisdiction we should fail to follow the interpretation given to statutes identical to our own in all the States of the Union.

For the reasons stated, we hold that the Industrial Commission erred in deciding that the pay rolls in controversy should be liquidated at the rate of $15 for each $100 pay

roll corresponding to Code 7219, instead of at the rate of $5.50 corresponding to Code 8232, which is the one which should be applied because it corresponds to the business of lumber yards. The decision of the Industrial Commission must be reversed and the case remanded for further proceedings not inconsistent with his opinion.